**UNITED STATES of America**

v.

**Leon CARMICHAEL, Sr.**

**Crim. Action No. 2:03CR259–T.**

United States District Court,
M.D. Alabama,
Northern Division.

Nov. 12, 2004.

Amardo Wesley Pitters, A. Wesley Pitters, P.C., Bruce Maddox, Law Office of Bruce Maddox, Ronald Wayne Wise, Law Office of Ronald W. Wise, Stephen Roger Glassroth, The Glassroth Law Firm, PC, Marion D. Chartoff, Law Office of Marion Chartoff, Susan Graham James, Susan G. James & Associates, Montgomery, AL, Mary Elizabeth Anthony, Anthony & Pratt LLC, Ronald R. Brunson, McCord and Brunson, Birmingham, AL, Lisa Monet Wayne, Denver, CO, for Defendant.

A. Clark Morris, Matthew S. Miner, Stephen P. Feaga, U.S. Attorney's Office, Montgomery, AL, for Plaintiff.

### ORDER

MYRON H. THOMPSON, District Judge.

Defendant Leon Carmichael, Sr. is charged in the United States District Court for the Middle District of Alabama with drug conspiracy and money laundering. In December 2003, shortly after his arrest, Carmichael set up a website related to his case which has since gone through several different versions.

After the site was altered in April 2004 to display the names of four "informants" and four "agents," as well as photographs of the four "informants," the government renewed an earlier motion for a protective order directing Carmichael to remove his website from the internet. On July 20, 2004, following an evidentiary hearing and after careful consideration of the issues involved, this court denied the government's motion, reasoning that such an order would impermissibly infringe on Carmichael's First, Fifth, and Sixth Amendment rights. *United States v. Carmichael*, 326 F.Supp.2d 1267 (M.D.Ala.2004); *see also United States v. Carmichael*, 326 F.Supp.2d 1303 (M.D.Ala.2004) (denying government's request to prohibit Carmichael from publishing his website as a newspaper advertisement).

At some point in early August 2004, the website was further altered to include photographs of Drug Enforcement Administration Agent R. David DeJohn, formerly a police officer with the Montgomery Police Department. As it currently appears, the top of the website contains the word "Wanted" in large red letters, beneath which are the words "Information on these Informants and Agents." Underneath this header are photographs of four "informants," as well as three photos of Agent DeJohn. Under each of these photographs appears DeJohn's full name and the word "Agent." Below the photographs is written: "If you have any information about these informants and agents, regardless of how insignificant you may feel it is, please contact the listed attorneys."

The site then lists contact information for Attorneys Steve Glassroth and Lisa Monet Wayne. At the bottom of the page, a disclaimer states that the purpose of the website is "definitely not . . . to intimidate or harass any informants or agents, but is simply an attempt to seek information."

This case is now before the court on DeJohn's motion to intervene and motion to remove his photograph from the website; DeJohn alleges that the website is not only interfering with his ability to pursue his profession as an undercover agent, it is putting him danger. For the following reasons, DeJohn's motions will be denied.

Intervention in criminal cases is generally limited to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case. For example, courts sometimes permit the press to intervene in a criminal case where a decision to close criminal proceedings to the public may affect its First Amendment rights. *See, e.g., United States v. Hernandez,* 124 F.Supp.2d 698, 701 (S.D.Fla.2000); *United States v. Baez–Alcaino,* 718 F.Supp. 1503 (M.D.Fla.1989); *United States v. Torres,* 602 F.Supp. 1458, 1462 (N.D.Ill.1985). In addition, third parties are occasionally allowed to intervene in a criminal trial to challenge a request for the production of documents on the ground of privilege, *see, e.g., United States v. Bergonzi,* 216 F.R.D. 487 (N.D.Cal.2003); *In Re Grand Jury Investigation No. 83–30557,* 575 F.Supp. 777 (N.D.Ga.1983), or to protect other rights implicated by a particular proceeding. *See, e.g., Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972) (noting that district court allowed Senator's motion to intervene to quash grand jury subpoenas of witnesses whose testimony implicated his privilege under the Speech or Debate Clause of the Constitution).

██ In contrast, DeJohn's rights and interests are not implicated by any particular motion, request, or other issue in Carmichael's case. Although he asserts that he has a "personal stake in this litigation as it is his photograph that was stolen and posted,"[1] DeJohn has not in fact shown that he has an interest that will be affected by Carmichael's conviction or acquittal in this criminal case or affected by any proceeding in this criminal case leading up to such. DeJohn may have been personally affected by Carmichael's use of his picture on his website, but the website itself is not the issue in this case. The sole purpose of this criminal action is the adjudication of Carmichael's guilt or innocence. While the court itself considered and rejected the government's earlier argument that Carmichael should be ordered to remove his website from the internet because it was threatening to witnesses and government agents, that decision was based on Carmichael's First Amendment right to free speech, as well as his Fifth and Sixth Amendment rights to a fair trial.

In addition, unlike other instances where courts have allowed third parties to intervene in a criminal case, DeJohn does not claim the infringement of any interest conferred on him by any provision of the United States Constitution or any federal statute. To be sure, DeJohn would have benefitted had the court ordered the removal of the website from the internet at the government's request. But any interest DeJohn has in the website's removal is not based on a legal entitlement specifically belonging to him in Carmichael's criminal case. Rather, his motion to intervene is an effort to resolve what is essentially a private dispute based, if anything, on state

---

1. DeJohn's motion to intervene (Doc. No. 245) at 5.

law. DeJohn's allegation, that the website is not only interfering with his ability to pursue his profession as an undercover agent, it is putting him danger, may very well be actionable under Alabama law. However, intervening in Carmichael's federal criminal case is not an appropriate manner in which to seek redress for his perceived wrong; DeJohn's appropriate forum is, if anywhere, in state court.

The court does not question the sincerity of DeJohn's statement that his "ability to continue the undercover work has been substantially hampered causing his income as well as his safety and the safety of his family to be affected."[2] Nevertheless, this does not alter the fact that DeJohn is moving to intervene in another person's federal criminal trial. There is no precedent to suggest that such intervention is appropriate to pursue a private dispute. Indeed, because DeJohn is essentially asserting, at most, only a private, state-law claim, and because he has failed to assert any jurisdictional basis for the claim in this court, this court is without jurisdiction to entertain the claim.

■ A criminal case is not the proper channel for a nonparty to resolve a collateral civil dispute with a criminal defendant. DeJohn's state-law dispute with Carmichael over the website can no more be piggybacked onto the website dispute between the federal government and Carmichael than can a dispute between private parties over a dwelling be piggybacked onto a Fourth Amendment search-and-seizure dispute involving the same dwelling and arising in a criminal case between the federal government and one of the parties. The fact that the civil dispute and the criminal proceeding involve the same piece of private property (a website in the current case and a dwelling in the example) does not change the analysis.

2. *Id.*

For the foregoing reasons, it is ORDERED that R. David DeJohn's motion to intervene (Doc. No. 245) is denied and his motion to remove photograph from website (Doc. No. 245) is denied without prejudice.